# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREAS GIRKE, ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED,**

          **Plaintiffs,**

**-vs-**                                  **Case No.  6:08-cv-461-Orl-28KRS**

**CAMILLO HOME BUILDERS OF ORLANDO, LLC,**

          **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 10)**
>
> **FILED:** May 15, 2008
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff Andreas Girke is not entitled to entry of a default judgment merely because a default has been entered against Defendant Camillo Home Builders of Orlando, LLC (Camillo). *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Rather, he must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that Camillo is liable for the alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

To satisfy this burden, Girke must support his motion for entry of a default judgment with a legal memorandum stating the elements of the FLSA claim and citing the facts alleged in the complaint that establish each element of the claim.

If the well-pleaded allegations of the complaint establish liability, then Girkes must present evidence sufficient to establish the damages to be awarded. The Plaintiff's affidavit is insufficient in this regard because it provides merely conclusory calculations. To establish that he is entitled to damages, Plaintiff must present specific averments regarding the following: (1) the manner in which he was paid (hourly or salary) during each pay period, (2) the amount he was paid during each pay period (if hourly, the hourly rate); (3) the number of hours he worked during each work week, rather than an estimated average number of hours worked; (4) the information on which he relies to support his affidavit, such as calendars, time sheets, pay stubs, copies of which should be attached as exhibits to his affidavit.

With respect to the request for an award of attorneys' fees, counsel for Girke indicates that a paralegal performed some of the work, but the time sheet does not indicate which work was performed by an attorney and which by a paralegal. Any renewed motion should be supported by evidence of the work performed by each individual.

With respect to the request for an award of costs, Girke must present evidence that the costs were those actually and necessarily incurred. To the extent that he seeks reimbursement for postage, he must provide legal authority for such an award.

Finally, the Court is not inclined to enter default judgments in a piecemeal fashion. Because this case was styled as a collective action, counsel for Plaintiff should either move for a default

judgment as to all individuals who have joined in the case, or include in the renewed motion for a default judgment a request to convert this case to an individual action brought solely by Girke.

The renewed motion for a default judgment shall be filed on or before May 30, 2008.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties