**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANDREAS GIRKE, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED,**

               **Plaintiffs,**

**-vs-**                                           Case No.  6:08-cv-461-Orl-28KRS

**CAMILLO HOME BUILDERS OF**
**ORLANDO, LLC,**

               **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 12)** |
| **FILED:** | **May 29, 2008** |

**I.    PROCEDURAL HISTORY.**

    On March 31, 2008, Andreas Girke, on his own behalf and on behalf of those similarly situated[1], filed a complaint against Defendant Camillo Home Builders of Orlando, LLC ("Camillo"). He alleged that Camillo failed to pay him overtime compensation due under the Fair Labor Standards

---

[1] No other persons elected to join in this case as putative plaintiffs.  Girke requests that the Court convert his action to an individual action.  Doc. No. 12 at 6.  Therefore, I recommend that the Court dismiss the collective action allegations.

Act (FLSA), 29 U.S.C. § 201 *et seq*. Doc. No. 1. Girke also seeks liquidated damages, attorney's fees, and costs. *Id.*

The complaint was served on Camillo on April 3, 2008. Doc. No. 5. Camillo did not timely respond to the complaint. Thereafter, at Girke's request, the Clerk of Court entered a default against Camillo. Doc. Nos. 8-9.

After entry of default, Girke filed a Motion for Default Judgment. Doc. No. 10. That motion was denied without prejudice for being inadequate. Doc. No. 11. Girke then filed the present motion. Doc. No. 12. In support of the motion, Girke filed the Declaration of Andreas Girke (Girke Decl.) with exhibits, doc. nos. 12-2 and 12-3, and an Affidavit for Reasonable Attorneys' Fees signed by C. Ryan Morgan (Morgan Aff.) with exhibits, doc. no. 12-4, 12-5, 12-6. Camillo has not responded to the motion as of the time of writing this order, and the time for doing so has passed.

**II.   APPLICABLE LAW.**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.

Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

**III.   ANALYSIS.**

    A.   *Allegations of the Complaint*.

Girke was employed by Camillo to perform construction activities. Doc. No. 1 ¶ 2.[2] Camillo was an enterprise covered by the FLSA. *Id.* ¶ 6. Camillo did not pay Girke one and one-half times his regular rate of pay for all hours he worked in excess of forty hours per week during one or more work weeks. *Id.* ¶ 12. The failure to pay overtime compensation was willful. *Id.* ¶ 14.

    B.   *Liability*.

To prevail on a claim for payment of overtime under the FLSA, Girke must establish the following:

> First, that he was employed by Defendant during the time period involved;
>
> Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce;
>
> Third, that Defendant failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, Camillo admits that it employed Girke during the relevant time period. It admits that it was an enterprise within the definition of the FLSA. It admits that it failed to pay

---

[2] Girke avers that he was a customer service representative. Girke Decl. ¶ 4.

overtime compensation as required by the FLSA. This is sufficient to establish that Camillo is liable to pay Girke overtime wages he is owed for his work.

    C.    *Damages*.

        1.    <u>Overtime Compensation</u>.

Under the FLSA, Girke is entitled to be paid one and one-half times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Girke has the burden of proving the amount of damages to be awarded.

When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

Girke avers that he was paid a bi-monthly salary while employed by Camillo. Girke Decl. ¶ 5. In 2005, his salary was $1,200.00 per pay period. *Id.*; Doc. No. 12-3 at 5. In 2006, his salary was

$1,407.30 per pay period. *Id*; Doc. No. 12-3 at 4. In 2007 and 2008, his salary was $1532.30 per pay period. *Id*.; Doc. No. 12-3 at 2-3. He attests that he worked an average of 50 hours per week in approximately 10 hour days, 5 days a week for the entire period of his employment. Girke Decl. ¶ 4. Girke avers that he worked 12 weeks in 2005, 52 weeks in 2006, 52 weeks in 2007, and 4 weeks in 2008. *Id*. ¶ 5. Because Camillo did not come forward with evidence of the precise amount of work performed by Girke, Girke's affidavit is sufficient to carry his burden of proof regarding the hours worked and his pay.

To determine the amount of overtime due to a salaried employee, the salary must be converted to an hourly rate. Because Girke was paid bi-monthly, the Court calculates the hourly rate by multiplying the salary by 24 (the number of pay periods per year) and dividing by 52 to reach a weekly salary. 29 C.F.R. § 778.113(b). Once the weekly salary is calculated, the hourly rate is calculated by dividing the weekly rate by the number of hours per week that the salary was intended to compensate. 29 C.F.R. § 778.113(a), (b).[3]

Although Girke bases his hourly rate calculation on a 40 hour work week, he does not attest that his salary was only intended to compensate him for 40 hours of work each week. *See* 29 C.F.R.

---

[3] Section 778.113 is an interpretive bulletin by the Department of Labor that is entitled to a more limited *Skidmore*-type of deference. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 n.5 (11th Cir. 2008); *see also Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) ("We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.").

§ 778.113(a). He submitted a Direct Deposit Voucher for each year in which he seeks overtime compensation. Doc. No. 12-3. These vouchers reflect that Camillo paid him for work performed in each two-week pay period. Absent evidence to the contrary, these vouchers are evidence the Camillo intended Girke's salary to compensate him for all hours worked in each pay period. Accordingly, given Girke's averment that he regularly worked 50 hour work weeks, I find that his salary was intended to compensate him for 50 hours of work per week. Because Girke was paid a salary that was intended to compensate him for 50 hours of work per week, he has received his straight-time payment. Accordingly, he is only entitled to an overtime premium of one-half his hourly rate for the 10 hours of overtime worked per week.

Girke's overtime pay is calculated as follows:

| Year | Salary | Salary Annualized | Weekly Salary | Hourly Rate | Overtime Premium | Overtime Owed |
|---|---|---|---|---|---|---|
| 2005 | $1200.00 | $1200.00 x 24 = $28,800.00 | $28,800 ÷ 52 = $553.84 | $553.84 ÷ 50 =$11.07 | $11.08 x .5 = $5.53 | $5.53 x 10 hr/wk x 12 weeks = $663.60 |
| 2006 | $1407.30 | $1407.30 x 24 = $33,775.20 | $33,775.20 ÷ 52 =$649.52 | $649.52 ÷ 50 =$12.99 | $12.99 x.5 = $6.49 | $6.49 x 10 hr/wk x 52 weeks = $3,374.80 |
| 2007 | $1532.30 | $1532.30 x 24 = $36,775.20 | $36,775.20 ÷52 = $707.21 | $707.21 ÷ 50 = $14.14 | $14.14 x.5= $7.07 | $7.07 x 10 hr/wk x 52 weeks = $3,676.40 |
| 2008 | $1532.30 | $1532.30 x 24 = $36,775.20 | $36,775.20 ÷ 52 =$707.21 | $707.22 ÷ 50 = $14.14 | $14.14 x .5 = $7.07 | $7.07 x 10 hr/wk x 4 weeks = $282.80 |

Based on the above calculation, Camillo is liable to pay Girke $7,997.60 for overtime wages.

2.	Liquidated Damages.

By defaulting, Camillo admits that it acted willfully in failing to pay Girke the required overtime compensation. When, as here, the defendant has not presented a defense that the failure to pay overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Camillo is liable to pay Girke the amount of unpaid overtime compensation owed to him, $7,997.60 as liquidated damages.

D.	*Attorney's Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Girke seeks an award of $2,493.50 for the services provided by his attorney, C. Ryan Morgan, in connection with this case. Morgan Aff. ¶ 6. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v.*

*Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

1. <u>Hourly Rate</u>.

Morgan has been licensed in Florida since 2005. He attests that a reasonable rate for an attorney with his experience is $300.00 per hour, Morgan Aff. ¶ 4, but he offers no independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate. This Court has previously determined that a reasonable rate for Carlos Leach, another attorney with Morgan's law firm who handles FLSA cases and who has been licensed since 2002, is $160.00 per hour. *See Dial v. Little Wagon Errand Servs., Inc.*, Case No. 6:07-cv-1072-Orl-28KRS, 2008 WL 227967, at * 1, 5 (M.D. Fla, Jan 25, 2008); *King v. FSA Network, Inc.*, Case No. 6:07-cv-78-Orl-22JGG, 2007 WL 3072262, at *1 (M.D. Fla. Oct. 19, 2007). Absent evidence to support a higher hourly rate, I conclude that $145.00 is a reasonable hourly rate for Morgan's work in this case.

Morgan also seeks $95.00 per hour for paralegal Claudia Silva, who has eight years of paralegal experience. Morgan Aff. ¶ 5. However, this Court has previously found the reasonable rate for Silva's work to be $50.00 per hour. *See Farr v. Manageinn, Inc.*, No. 6:07-cv-829-Orl-28KRS, 2008 WL 227961, at *1, 5 (M.D. Fla., Jan. 25, 2008). Absent evidence to support a higher hourly rate, I conclude that $50.00 is a reasonable hourly rate for Silva's work in this case.

2.  Reasonable Number of Hours.

Girke submitted a detailed time statement indicating the work performed by Morgan in this case. Morgan conceded in response to an order from this Court that 1.30 hours of work on 3/28/2008 was performed by a paralegal and, therefore, not properly reimbursed at the rate of an attorney. Doc. No. 12-4 ¶6 n.1.

All of the work performed by the paralegal, however, was clerical in nature. See 3/28/2008 .30 "Intro letter;" 3/28/2008, 1.0 "Preparation of civil cover sheet, summons and complaint package." Work that is purely clerical in nature is not compensable. *See, e.g., Scelta v. Delicatessen Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("[T]he efforts of a paralegal are recoverable only to the extent the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses.") (internal quotations omitted)*; Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. at 288 n.10 ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Therefore, I recommend that no fees be awarded for the paralegal's work.

It is not appropriate to charge attorneys' fees to an opposing party that arise from errors committed by the prevailing party's counsel. *See Brother v. Miami Hotel Inv., Ltd.*, 341 F. Supp. 2d 1230, 1238 (S.D. Fla. 2004). This includes time spent preparing the inadequate Motion for Default Final Judgment that was denied without prejudice. Doc. Nos. 10, 11. Therefore, I recommend that 1.50 hours worked by Morgan on 5/14/2008 be deducted for this work.

The lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| C. Ryan Morgan | $145.00 | 6.4 | $928.00 |

    3.    <u>Costs</u>.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorneys' fees–should be allowed to the prevailing party." A court cannot award costs other than those specifically authorized in 28 U.S.C. § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000).

Girke seeks an award of costs in the amount of $350.00 for reimbursement for the filing fee and $55.00 for the costs of serving process in this case. Doc. No. 12-6 at 2. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

Accordingly, Girke is entitled to an award of $405.00 in costs from Camillo.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part and **DENY** in part the Renewed Motion for Entry of Default Final Judgment (Doc. No. 12) and enter a default judgment against Camillo Home Builders of Orldando, LLC on Girke's claim for violation of the

overtime provisions of the FLSA. I further recommend that the Court order the defendant to pay Girke damages in the amount of $15,995.20, attorney's fees in the amount of $928.00, and costs in the amount of $405.00. I further recommend that the Court **DISMISS** the collective action allegations. Finally, I recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy